**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Julie Dalton, *individually and on behalf of all others similarly situated*,

  Plaintiff,

v.

Herbalife International of America, Inc.,

  Defendant.

Case No. 26-cv-2607 (DWF/DTS)

**ORDER**

---

Plaintiff Julie Dalton filed this lawsuit in federal court based but failed to properly plead jurisdictional facts. Compl., Dkt. No. 1. Specifically, Plaintiff failed to adequately allege standing.

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). Therefore, "any person invoking the power of a federal court must demonstrate standing to do so," which "requires the litigant to prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561 (1992)). Standing must persist throughout all stages of litigation. *Frost v. Sioux City*, 920 F.3d 1158, 1161 (8th Cir. 2019). At the outset of the case, standing turns on the operative complaint's factual allegations. *Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 993 (8th Cir. 2002). Standing is a jurisdictional requirement that courts can raise *sua sponte*. *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1156–57 (8th Cir. 2008).

In the operative Complaint, Dalton fails to adequately allege that she has suffered a concrete and particularized injury. Dalton alleges that "[a]s a consequence of her experience visiting Defendant's Website, including in the past year, and from an investigation performed on her behalf, Plaintiff found Defendant's Website has a number of digital barriers that deny screen-reader users like Plaintiff full and equal access to important Website content – content Defendant makes available to its sighted Website users." Compl. ¶ 26, Dkt. No. 1. Although Dalton alleges Defendant's website has digital barriers, she does not describe what barriers she encountered when visiting Defendant's website and how these barriers harmed her (e.g., by preventing her from purchasing a product or accessing a service). As for Dalton's allegation that she "will attempt to access Defendant's Website in the future to browse, research, or shop online and purchase the products and services that Defendant offers," this allegation is far too speculative and indeterminate to satisfy the standing requirement. *See Lujan*, 504 U.S. at 564 ("[T]he affiants' profession of an 'inten[t]' to return to the places they had visited before—where they will presumably, this time, be deprived of the opportunity to observe animals of the endangered species—is simply not enough. Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.").

**IT IS HEREBY ORDERED:** On or before June 2, 2026, Plaintiff shall file an amended complaint properly alleging standing. In particular, the amended complaint must adequately allege Dalton's injury in fact.

Dated: May 19, 2026                                  s/ David T. Schultz
                                                     DAVID T. SCHULTZ
                                                     United States Magistrate Judge

2